JEFFERSON B. SESSIONS III
Attorney General
JOHN M. GORE
Acting Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
ALAN A. MARTINSON
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – NWB
Washington, D.C. 20530
Email: alan.martinson@usdoj.gov
Telephone: 202-616-2191
Facsimile: 202-514-1116

CRAIG CARPENITO
United States Attorney
MICHAEL E. CAMPION
Chief, Civil Rights Unit
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: michael.campion@usdoj.gov
Telephone: 973-645-3141

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED COMMUNITIES, LLC,**<br><br>*Defendant.* | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys, files this Complaint and alleges as follows:

## INTRODUCTION

1.      The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against United Communities, LLC ("Defendant") for violating the SCRA's prohibition against imposing early termination charges when a servicemember lawfully terminates a residential lease upon receipt of qualifying military orders. *See* 50 U.S.C. § 3955.

2.      The purpose of the SCRA is to provide servicemembers with protections to enable them to devote their entire energy to the defense needs of the Nation and to protect their civil rights during military service. *See* 50 U.S.C. § 3902. One of those protections is the right of a lessee to terminate a residential lease without penalty upon entering into military service or upon receiving qualifying military orders. 50 U.S.C. § 3955(a)(1), (e)(1). Qualifying orders include orders for a permanent change of station, or for deployment with a military unit (or as an individual in support of a military operation) for a period of not less than 90 days. 50 U.S.C. § 3955(b)(1)(B).

3.      Upon receiving qualifying orders, the servicemember can terminate the lease without penalty, provided that the servicemember provides the lessor with (i) written notice of the termination and (ii) a copy of the servicemember's military orders. 50 U.S.C. § 3955(c)(1).

4.     The termination of the lease is effective 30 days after the first date on which the next rental payment is due after the date on which the notice is delivered. 50 U.S.C. § 3955(d)(1).  The lessor may not impose an "early termination charge" against a terminating servicemember.  50 U.S.C. § 3955(e)(1).

5.     This lawsuit is brought to vindicate the rights of servicemembers who were wrongly required to pay an early termination charge by Defendant, to vindicate the public interest, and to protect servicemembers from future violations of their rights.  *See* 50 U.S.C. § 4041.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 50 U.S.C. § 4041.

7.     Defendant is a Delaware limited liability company, administered from, and with a principal place of business, at 222 Haddon Avenue, Suite 301, Haddon Township, New Jersey.

8.     Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of New Jersey, Defendant conducts business within the District of New Jersey, and because a substantial portion of the events that form the basis of United States' claim occurred within the District of New Jersey.

## DEFENDANT

9.     Defendant manages the residential housing for military personnel and their families at Joint Base McGuire-Dix-Lakehurst in New Jersey.  Defendant is a

subsidiary or affiliate of First Montgomery Group, a private real estate company that develops and manages properties in New Jersey, Pennsylvania, and Delaware.

## FACTUAL ALLEGATIONS

10.     Joint Base McGuire-Dix-Lakehurst is a military base that is home to Air Force, Army, and Navy installations.  Spread across 42,000 acres in southern New Jersey, the base is the Department of Defense's first joint base, and the only joint base that consolidates Air Force, Army, and Navy installations.  Personnel stationed at the base participate in a broad range of missions, including combat support and disaster relief.

11.     In September 2006, the Air Force entered into an operating agreement with Defendant.  That agreement provided that Defendant would develop, manage, and maintain military housing at Joint Base McGuire-Dix-Lakehurst.  The operating agreement remains in effect, although it has been amended at various times over the years.

12.     Under the operating agreement, any change to Defendant's form lease requires review and approval by Air Force housing personnel.

13.     Servicemembers who are stationed at Joint Base McGuire-Dix-Lakehurst and who wish to live on the base enter into lease agreements directly with Defendant.  The servicemembers who enter into those leases are personally responsible for paying the rent that is owed to Defendant.

### Army Captain Gregory Funk

14.     On September 15, 2014, Army Captain Gregory Funk contacted one of Defendant's employees via email to secure a rental property on Joint Base McGuire-Dix-Lakehurst. Defendant's employee responded that Captain Funk would receive the first month of the lease "rent-free" and that, "in return," the lease would run for 24 months.  No other terms or conditions of the rent-free offer were discussed.  That same day, Captain Funk electronically signed a lease for a residential unit located at 2804 Doolittle Drive at Joint Base McGuire-Dix-Lakehurst.  The lease does not mention or reference the "rent-free" offer.

15.     On September 22, 2014, Captain Funk signed a "Lease Incentive Addendum."  The Addendum provided, in relevant part:

> I have received a lease incentive from United Communities in the amount of $899.20.
>
> If orders are received for [permanent change of station], Separation, or Retirement I will not be responsible for the full lease term if I have fulfilled at minimum six (6) months of the lease term.
>
> If the lease term cannot be fulfilled for any other reason, I will be responsible for paying back United Communities the amount of this lease incentive.

16.     On or about April 7, 2016—5 months before the lease expired by its own terms—Captain Funk received military orders to deploy to Qatar for up to 365 days as a part of Operation Inherent Resolve.

17.     On or about April 14, 2016, Captain Funk provided written notice of termination to Defendant and provided a copy of his deployment orders to Defendant. After receiving the notice of termination and a copy of Captain Funk's military orders,

Defendant imposed an early termination charge of $899.20—the amount specified in the "Lease Incentive Addendum."

18.     Captain Funk paid the early termination charge imposed by Defendant.

19.     On May 10, 2017, Captain Funk submitted a complaint to the United States Attorney's Office for the District of New Jersey.

### United States' Investigation

20.     By letter dated October 18, 2017, the Department of Justice notified Defendant that it was opening an investigation into Defendant's residential leasing practices, and requested documents from Defendant, including documents relating to lease terminations (including Captain Funk's), and Defendant's policies and procedures regarding the SCRA.

21.     Defendant provided documents and information in response to the Department's request.  The documents Defendant provided showed that, through the enforcement of its Lease Incentive Addendum (which was not reviewed or approved by the Air Force), Defendant imposed early termination charges upon at least thirteen servicemembers, including Captain Funk, in violation of the SCRA.

### SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS

22.     The SCRA provides that "[t]he lessee on a [residential] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . . . ."  50 U.S.C. § 3955(a)(1).  This option applies to servicemembers who, "while in military service, execute[] the lease and thereafter receive[] military orders for a permanent change of station[, or] to deploy with a military unit, or as an

6

individual in support of a military operation, for a period of not less than 90 days." 50 U.S.C. § 3955(b)(1)(B).  Termination of leases involving monthly rent payments "is effective 30 days after the first date on which the next rental payment is due and payable after the date on which the [termination] notice . . . is delivered." 50 U.S.C. § 3955(d)(1).  "The lessor may not impose an early termination charge, but any taxes, summonses, or other obligations and liabilities of the lessee in accordance with the terms of the lease, including reasonable charges to the lessee for excess wear, that are due and unpaid at the time of termination of the lease shall be paid by the lessee." 50 U.S.C. § 3955(e)(1).

23.    The language in the Lease Incentive Addendum violates the SCRA. Specifically, the Lease Incentive Addendum imposes an early termination charge by requiring the servicemember to pay Defendant an amount equal to the lease incentive if the servicemember terminates the lease: (1) for any reason other than a permanent change of station, separation or retirement (for example, a servicemember would have to pay the termination charge even if he or she received SCRA-qualifying deployment orders); or (2) within six months of signing the lease, for any reason at all (including those events protected by the SCRA, such as permanent change of station, separation, retirement, or qualifying deployment orders).

24.    Defendant has engaged in a pattern or practice of violating 50 U.S.C. § 3955(e)(1) by imposing early termination charges in accordance with the Lease Incentive Addendum against servicemembers who terminated their residential leases in compliance with the SCRA.

7

25.     Defendant's imposition of early termination charges against Captain Funk and other servicemembers in violation of 50 U.S.C. § 3955 raises issues of significant public importance.

26.     Captain Funk and twelve other servicemembers who terminated their residential leases under the SCRA in or after April 2015 and were required to pay early termination charges are "person[s] aggrieved" under 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

27.     Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*.;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with Defendant from:

   a. including a provision in any residential lease or lease addendum that requires servicemembers who terminate the lease in accordance with the SCRA to pay an early termination charge;

    b.  imposing an early termination charge when a protected servicemember terminates a residential lease early, in accordance with the SCRA, 50 U.S.C. § 3955;

    c.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the identified victims of Defendant's illegal conduct to the positions they would have been in but for that illegal conduct; and

    d.  failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future;

3.  Awards appropriate monetary damages under 50 U.S.C. § 4041(b)(2) to the identifiable victims of Defendant's violations of the SCRA; and

4.  Assesses civil penalties against Defendant under 50 U.S.C. § 4041(b)(3) in order to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

Dated:        September 27, 2018
              Newark, New Jersey


                                        JEFFERSON B. SESSIONS III
                                        Attorney General


                                         /s/ John M. Gore
CRAIG CARPENITO                         JOHN M. GORE
United States Attorney                  Acting Assistant Attorney General
                                        Civil Rights Division


 /s/ Michael E. Campion                  /s/ Sameena Shina Majeed
MICHAEL E. CAMPION                      SAMEENA SHINA MAJEED
Chief, Civil Rights Unit                Chief
United States Attorney's Office         Housing & Civil Enforcement Section
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102                 /s/ Elizabeth A. Singer
Email: michael.campion@usdoj.gov        ELIZABETH A. SINGER
Telephone: 973-645-3141                 Director, U.S. Attorneys' Fair Housing
                                        Program


                                         /s/ Alan A. Martinson
                                        ALAN A. MARTINSON
 /s/ David V. Simunovich                Trial Attorney
DAVID V. SIMUNOVICH                     U.S. Department of Justice
Assistant United States Attorney        Civil Rights Division
United States Attorney's Office         Housing & Civil Enforcement Section
District of New Jersey                  950 Pennsylvania Ave. NW – NWB
970 Broad Street, Suite 700             Washington, D.C. 20530
Newark, New Jersey 07102                Email: alan.martinson@usdoj.gov
Email: david.simunovich@usdoj.gov       Telephone: 202-616-2191
Telephone: 973-645-2736                 Fax: 202-514-1116

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)   PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
Plaintiff
- ❏ 2   U.S. Government
Defendant
- ❏ 3   Federal Question
*(U.S. Government Not a Party)*
- ❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| (Excludes Veterans) | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT                 APPLYING IFP                   JUDGE                      MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.